United States Court of Appeals for the Ninth Circuit. Hear ye, hear ye. All persons having business with the Honorable United States Court of Appeals for the Ninth Circuit, I will now draw near. Give your attention and you will be heard. God save these United States and this Honorable Court. Please be seated. Good morning. I would like to begin by thanking the Sandra Day O'Connor College of Law at Arizona State University and Dean Leeds for hosting this session of the Ninth Circuit this morning. It's our pleasure to be here. We'll begin then to hear argument in the first case on calendar for this morning, which is 24-5653, 24-7348, Bruce E. Huffman v. Goodman Law Group and JPMorgan Chase Bank. And we will hear first from Mr. Woods. You may proceed. Good morning, Your Honors, and it pleases the Court. My name is Sean Woods with Mills and Woods Law. My colleague, Robert Mills, is to my left. And I represent the appellant, Bruce E. Huffman. Could you get a little bit closer to the microphone? Yeah, absolutely. Thank you. I represent the appellant, Bruce E. Huffman, in these two matters, the 24-5653 and 24-7348. The issues presented in this case are whether or not the district court erred in finding that any violations of the Fair Debt Collections Practices Act on the part of Goodman, Holmgren Law Group were the result of bona fide error. I think that's the biggest issue for today. There are other issues in whether or not the district court erred in granting summary judgment to both Chase on both the unjust enrichment claim and the conversion claim. Counsel, can you tell me, one of the things that I think we need to be clear on is the specific conduct to which Goodman's bona fide error defense applies. So can you please specify what conduct you think that we're even talking about? Are we talking about the filing of the application for the writ? Are we talking about the attorney's argument at the hearing? Are we talking about the communications with Chase or seeking enforcement? What conduct is it that you're indicating that we have to analyze under the bona fide error? Thank you, Your Honor. There's a lot of it. Our argument would be that Goodman Law and the attorneys there should have known as being a debt-collecting practice for 20 years that Social Security benefits and funds are not garnishable. So, Counsel, did Mr. Huffman ever provide notice to Chase that the bank account was specifically opened to hold the Social Security funds? That's a good question. Later on in the proceedings after he filed the motion for reconsideration and the court ruled granting that motion for reconsideration, that was at the point when we can pinpoint specifically that he told Chase that these are Social Security monies and this was a deposit account created for that purpose. And do you have a citation to the record for that reference that you gave me for when the notice was provided? Yeah, that is – give me just a minute here. There's emails that started right after the ruling came out to Chase. And those would be 2-ER-72-81. And can you go back to my question, which was the conduct? You said there's a lot. Just give me two or three.  Yeah, why not? The original would be actually filing the application for writ of garnishment. There's also mentioned in the record, and I'll find that here in a minute for you, that they knew that there were Social Security monies in there. So at the point they filed it? Yes. Okay. Absolutely. The filing of the request for a hearing by Mr. Huffman on the application for writ of garnishment specifically listed that it was an invalid writ because of the fact that it's only Social Security monies in there. They went to the hearing, and at the hearing, Mr. Huffman represented himself and misquoted the statute governing the exemption status of all Social Security funds. He quoted it as 42 U.S.C. 207. It was actually 42 U.S.C. 407. I mean, to get technical, it's Section 207 of the Social Security Act, which is classified to Section 402 of the unenacted title of the U.S. Code. So, I mean, it seemed to be a good faith error because practitioners will sometimes refer to those kind of statutes by their underlying section number. I mean, that's not evidence of bad faith, is it, that he called it 207, then 407? I think maybe we're confusing the issue there. It was actually Bruce Huffman, the appellant, that actually misquoted the statute to the court at that time, not the Goodman Law Firm. So the court then issued a writ garnishing that account, and Mr. Huffman filed a motion for reconsideration on that after he obtained counsel and let the court and Goodman know that it's actually 42 U.S.C. 407 that was applicable here that states that the funds, the Social Security funds, are exempt from any garnishment. Well, what about their argument that, hey, we're absolved of any of this because we have these policies and procedures in place and we assume that those were followed here, et cetera, et cetera, and therefore good faith? That's also a good question. It's his burden to prove that those policies and procedures in a law firm are reasonable and address that specific issue. And there is no testimony other than self-serving affidavits and an expert report that reached a legal conclusion and the district court properly found that that expert report could not get to that point. But addressing that expert report, the list of procedures and policies that the law firm had were very generic. And if you look at the record at 2-ER-203, you'll see the list that the expert came up with on the different policies and procedures at that law firm. And they're very broad and not tailored specifically to a situation related to governmental benefits and whether or not those are garnishable. And the case law says that if you don't have those specific procedures that are reasonably tailored to this specific type of situation, that those procedures are not appropriate. And that's the third element on the bona fide error type defense. I like your argument that it is the defendant's burden to show that the violation was unintentional. But I'm struggling with this particular element because it seems difficult to prove a negative. So, you know, you argue in your brief that it's not your burden to be able to show that it was intentional. It's their burden to show that it was unintentional. And they argue that there is nothing in the record to show that their conduct was intentional. So how does one prove a negative? Another very good question. I think you have to look at the totality of the circumstances and the conduct that was taken by Goodman Law during this whole proceeding. Even after receiving notice, first of all, receiving notice that it was Social Security money and that Social Security money is exempt, receiving the motion for reconsideration, properly citing the case law saying, yeah, the CFR that you're citing exists, but that is simply there as a regulation for banks to follow when they receive a writ of garnishment. It is not a substantive law on whether or not Social Security money is exempt. And Goodman Law was presented with that. In their response to their motion for reconsideration, or the motion for reconsideration, they don't even address 42 U.S.C. 407. They just sidestep that completely and only address the CFR saying, oh, we have a good faith belief that the CFR is what controls here. But, as any first-year law student would know, Hornbook Law's statute is going to govern over a regulation. If a statute is clear and it is enacted and it doesn't have any limitations, it's going to govern over the CFR, 42 U.S.C. 407 would govern that situation. They knew that. They still pursued the CFR argument. Time went by, regardless of knowing that. No action was taken by Goodman Law to say, you know what, you're right, as any competent attorney would do when presented with irrefutable law, would say, I can't pursue this anymore. There's an actual code that prevents me from doing that. That never happened. Instead, they doubled down at oral argument and still tried to pound to the court, this CFR is what is controlling and we have a good faith belief that this is what is controlling. And I think the idea that they're saying they have a good faith belief is that the underlying context is that they knew they didn't. And it becomes more of a factual inquiry. The statute under the bona fide error defense, it's strict liability and there's no mens rea sort of component. There are exceptions for mistake of fact versus mistake of law. But we believe that even if somehow this is a mistake of fact between the two different statutes, that that's still a factual inquiry that the jury has to, it has to get to a jury for the fact finder to decide on. So with that said, we believe that all the elements of the bona fide error defense are not met. That, again, not to beat a dead horse, but... You don't need to be able to establish that they are or they're not met. You just need to establish that there is an issue of fact. That's correct, Your Honor. That's correct. Moving on, there were a couple of other arguments. And I apologize, Your Honors. I forgot to ask to reserve some time. At this point, I'll reserve, if I can, I'd reserve two minutes. Absolutely. We're also here on the motion for summary judgment on unjust enrichment and conversion against Chase. We feel like the case law that we've cited and the arguments that we've advanced in the briefing are good. And if you had any questions related to that, there was a contract. The contract, though, didn't govern the specific issue. There was no provision really to bring a breach of contract on. Our client didn't receive the benefit of his bargain of the contract, which is you deposit money, that money is available. Even assuming that there was a valid court order, which turned out to be erroneous, even assuming that and giving Chase the benefit of the doubt up until January 11, 2022, when the motion for reconsideration was granted, Chase received that information. And instead of making his deposits available as they were required to, they just dragged their feet, for lack of a better term. You could see those e-mails. You could see that Mr. Huffman was getting increasingly upset about, hey, I need access to my $60,000 that's being held by Chase that's exempt money. And, again, Chase dragged their feet. In the record, again, there is a— Counsel, I guess I'm wondering, if Chase simply froze the funds in compliance with the writ, what benefit did they receive? What benefit did Chase receive? I don't understand that part. Yeah, the argument there is that banks obviously don't keep the cash on hand. I mean, we're at that time in history where money is transferred back and forth digitally. That money is used by Chase to—apologies. That money is used by Chase to earn interest or invest. And that would be the argument that there was some unjust enrichment there. If you look at 2-ER-117, there's a letter, a March 2, 2022 letter from Chase, that specifically states that they received the ruling on February 14, 2022, but monies weren't freed up, the hold wasn't freed up until February 28, 2022. The monies weren't actually given to Bruce until March 26, 2022. So even assuming now we're taking away the January 11th, they still had—the letter confirms that they knew the motion for reconsideration was granted and the rate was invalid as of February 14, 2022. And with that, I'll reserve the remaining of my time. Thank you, Your Honors. Thank you, Counsel. And we'll hear next from Ms. Jankaitis. Did I pronounce that correctly? That was perfect. Thank you, Your Honors. May it please the Court. My name is Kelly Jankaitis. I'm here with Broning, Oberg, Woods, and Wilson representing Mr. Goodman and Goodman Law. I'd like to jump right into the unintentional prong of the bona fide error defense. Again, the question here is not whether there's proof that Goodman acted unintentionally. It's whether there's a genuine issue of material fact in the record regarding whether the conduct was intentional or unintentional. So I'm going to ask you the same question I asked your friend on the other side, which is it seems to me that there needs to be something more than simply pointing to the allegation. The allegation in the complaint is that this is an intentional violation. The burden is on the defendant to show that it was unintentional. Can you simply say, as you did in your summary judgment motion, that there's nothing to show that it was intentional, therefore I don't have to do anything more? I think that the answer is yes, in order to get to the second step of the summary judgment process, which is for then the plaintiff to come forward with evidence that the jury could find otherwise. And that's what the defect is in this case, is that it's undisputed that Goodman's going to testify at trial that they did not intentionally violate the FDCPA. That gets us to the second step. There is no contrary evidence to suggest that they, in fact, acted intentionally and that this was just contrived. Hold on, hold on. This is a law firm that has practiced in this area of law, is that correct? Yes. And has practiced in this area of law for umpteen number of years, correct? Yes. And so you all know that you're not supposed to garnish these benefits, correct?  The evidence in this record is that these attorneys had never had a situation where they garnished an account where there was more than what was withheld by the bank that could be subject to an exemption. That's a wonderful answer to a different question, but my question was whether or not you all knew that you weren't supposed to take funds that were these federal benefits from an account. You all knew that, correct? That evidence is not in this record. That's a conclusion that the plaintiff is asking you to infer from the fact that they are asserting that these attorneys knew or should have known a fact. And what they're arguing is that reasonably competent attorneys He was contending that it was and, you know, going to my telequay with counsel, he gave the unenacted code number. He said that they were Social Security funds. So at what point does the evidence get to a state where, given what you've been put on notice of, an inference of intentionality could be drawn by a rational trier effect? Sure. Well, first, there's no authority cited that suggests that you can infer intent from a lesser mental state like negligence. Secondarily, there isn't any evidence in this record of negligence. The claim is that a reasonably competent attorney, it's exactly what counsel said earlier, a competent attorney would have done X, Y, and Z. And that's negligence. Surely we all... But the burden is on you all to present evidence, right? Isn't the burden on you all to present that we had a good faith belief? The burden is on the defendant to present evidence that leads to that conclusion, which we did. There's evidence in the record that our attorneys will testify that they didn't act intentionally, that the attorneys researched, they... Isn't that sort of the textbook or book definition of a fact issue, a genuine issue of fact, that there are these two competing views about whether or not the violation was intentional? Sure. The difference is that there's evidence to support our position, and there's only argument to support the plaintiff's position. The question that is going to go to the jury is what a reasonably competent attorney would have done. Everybody in this room has an opinion about what my clients should have known, because we're all lawyers or we're going to be lawyers. But this case is going to go to a jury. Well, counsel, even your first argument, though, I mean, I guess even that would raise a question of fact, that we've... I think you argued that, oh, we've never found a situation where, you know, there was this large amount of money, larger than the normal deposits or whatever, but why not let a jury decide that? That's a factual dispute that you would claim. Hey, we've never had a situation where this has happened before, so we were not really unnoticed that there would be these federal benefits there. That seems to be a dispute of fact. It's only a disputed fact if there's some evidence to the contrary, and there's no evidence to the contrary in this case. You don't think an allegation and a complaint is on your judgment stage sometimes? An allegation and a complaint is definitely not evidence, and counsel has argued about what the attorneys knew or should have known, but a jury needs evidence to make that decision. We are not...this room is not a typical jury pool. My dad is a roofer, my mom is an administrator in a mine. After almost 20 years of going to dinner with them after being an attorney, they still grill me on whether I'm sure that they don't have to consent to a search during a traffic stop. They have no idea what attorneys knew or should know. They don't know what a horn book is. They don't know whether it's ever acceptable to make an argument that expands or extends horn book law. In Goodman's motion for summary judgment, it asserted that it believed, quote, in its theory that some of Mr. Huffman's Social Security benefits were subject to garnishment. But that's illegal, correct? I mean, as just sort of an objective matter of law, some of those Social Security funds were not garnishable, correct? Sure, and that is the collateral legal determination that the bona fide error extends to. So what I'm getting at is how can that be a good faith belief if it is legally erroneous and it is something that lawyers who do this kind of work actually should know, not my mom or your mom or, you know, somebody who has nothing to do with the legal profession. But these are lawyers who do work in this area. Sure, and the point I'm not getting to is that the juror doesn't know, the average juror doesn't know what debt collection attorneys should know. I'm asking about the argument that Goodman made that it acted in good faith, but its good faith belief was premised on an illegal error. The existence of a legal error isn't determinative of whether someone acts in bad faith. I'm here today making a legal argument that I might lose, and it would not be fair for you to find that I made these arguments in bad faith just because I'm not successful. The difference between bad faith and good faith, I'm not talking about bad faith. I'm talking about sort of the argument that was presented to rebut the allegation that the violation was intentional. And that argument that was made in summary judgment was that Goodman acted in good faith because it believed some of the Social Security funds could be garnished. And you agree with me as you stand here today that that is wrong. That does appear to be wrong, but this is not an area of the law I practice in. Okay, so the question that I have is how can that be made in good faith if it is legally wrong and made by lawyers who practice this area of the law? It can be in good faith if it's not intentional. They didn't intentionally misrepresent the law. Okay, so your answer is that if it wasn't in bad faith, then we can infer good faith. Well, we don't even have to infer good faith or bad faith. The standard's intentional or unintentional, and it's a subjective standard for the bona fide error defense. Whether they actually had an intent to, and a specific intent to, had an intent to violate the FDCPA. So going back to this issue of negligence, it remains our position that an attorney can't just come to a jury and say, of course, they should have known this. There needs to be evidence in the record. If this was a malpractice case, obviously there would be an expert to testify. This is what's reasonably expected of an attorney under these circumstances. There is not evidence of that in this record. There is only argument from counsel which isn't evidence. We continue to believe that there's no issue of fact regarding this being a bona fide error that qualifies for the defense. Counsel's real objection is whether it was intentional or not. This is a legal determination about whether an exemption applies. That doesn't have to do with the interpretation and application of the FDCPA itself, which is what German and then Kaiser say as far as eligibility. And there's also no contrary evidence about the reasonableness of the procedures that were in place. There's a whole list of formal and informal procedures that Goodman Law had enacted to ensure that its lawyers were educated on the law. They're not required to be perfect. They're not required to be 100% successful. I think that opposing counsel's reading it too narrowly, whether these were specifically intended to prevent errors in the garnishment of federal benefits, but what they were specifically intended to do was to avoid errors like the one that occurred here, where a legal argument was made that was unsuccessful and incorrect. We'd ask you to affirm the summary judgment. Thank you, counsel. We'll hear now from Mr. Shurker. May it please the Court, Elliot Shurker on behalf of JPMorgan Chase. It's become clear this morning how reduced Huffman's case against Chase has become. The broad allegation of over a year during which his monies were improperly held, causing three common law torts, has become a matter of weeks, if not a matter of days, when he supposedly was unable to access his funds at the bank. The summary judgment on unjust enrichment was based on the fundamental principle that there's no recovery for unjust enrichment if the party's rights and obligations are covered by a valid contract. Here, the deposit agreement, the DAA, governs the legal relationship between Chase and Huffman. Now, to be sure, there's some softness in Arizona law on whether the unjust enrichment claim will lie if a valid contract exists, but the plaintiff has not received what is due under the contract, and the question, frankly, has been batted back and forth between the Arizona district court and the Arizona state courts. But the law is not, and cannot be, that a plaintiff who proves a breach of contract also can get relief for unjust enrichment. The issue is, if not resolved, at least harmonized in the state court trust mark decision. The Arizona court of appeals, in that case, affirmed a JMOL for the defendant on unjust enrichment claim, quoting, because contractual documents govern the relationship of the parties, the trial court properly I take their argument earlier to mean that, at the very least, Chase knew that, at the time of the motion to reconsider, that we were talking about Social Security funds. You were informed that they were there, that they should not be released. Their argument is that, at that point, not releasing them, I understand their point to be, that not releasing them at that point is the unjust enrichment from gaining interest, et cetera, for that period of time. The funds were still frozen after that hearing. It was after the order was entered and when Chase received the order, at some point thereafter, and then the funds were unfrozen. It wasn't that the funds were frozen that whole period of time. It's that Huffman, on his own hook, demanded cash up front and didn't get it right away. And that's really the longest period of time that's involved here. Because otherwise, it's a matter of days and weeks that he wasn't able to access the money, he says, at the time between Chase receiving the order and unfreezing the funds. But once the funds were unfrozen, he had full access to that. And if you look at his responses on interrogatories, he says, well, I was going to use the money for ordinary things as I needed it. Maybe I was going to buy a car. Well, he could have easily done that with money in the account. He didn't need to have $60,000 in cash to accomplish his goals. So that's the unjust enrichment we're supposedly talking about. And there's no allegation that that short period of time caused the vast damages that he pleads, for example, on intentional infliction of emotional distress. It wasn't even a matter of months. Now, a plaintiff can recover on unjust enrichment. Where there is a contract, if there is a payment for services rendered, despite the plaintiff losing the breach of contract claim, no such allegation here. And it didn't happen here. So your view is that the contract claim. Absolutely, Your Honor. He knew that we could freeze the money. He knew that he couldn't get cash immediately. That's the contract. And that governs the conversion claim as well. Because there was no question here of a right to immediate possession of identifiable monies. Under Arizona law, funds in a bank account can be subject to a claim for conversion only if the funds are, quote, described, identified, or segregated, and an obligation to treat the funds in a specific manner is established. Now, Your Honor just noted that it wasn't until the reconsideration hearing in state court that there's any evidence in this record that Chase knew about the funds being Social Security monies. So during almost the entire period of time that's alleged in the complaint, there's no evidence that we knew those monies had to be treated in any specific way, and Huffman doesn't come forward with any evidence that he instructed us to create a separate Social Security fund or anything like that. And as he said, he was just going to use those monies for ordinary expenses. As the district court found, Huffman, quote, failed to point to any evidence in the record that Chase had an established obligation to treat that money in a specific manner, and, quote, failed to point to any provisions in the DAA or elsewhere that show Chase was obligated to treat this money any differently than a general deposit agreement. Finally, on the intentional infliction of mental distress, emotional distress, I think I've made our position on that clear, and I'd note only, again, that we're dealing with this very, very short period of time now during which supposedly vast emotional distress was inflicted on Mr. Huffman when we never knew until the reconsideration hearing that those were Social Security monies and he had access to them, merely he didn't have access to $60,000 in cash immediately. We'll rely on a brief for the other issues. Thank you very much. All right. Thank you, Counsel. We'll hear rebuttal now. Thank you, Your Honors. Just would like to address a couple of quick points in relation to the Goodman intentional versus unintentional argument and the bona fide error defense. There are two controlling United States Supreme Court cases on the exemption of Social Security funds, and the first one was decided over 60 years ago, and the second one cites to that case and was decided 50 years ago, and those are the Philpott and the Porter cases. I know you want to cite those, and you can in a sec, but I guess her argument is that, look, there was an absence of evidence that you presented. They have these declarations saying, hey, we didn't know or something to that effect. There's an email chain in response to that in the record starting at 2-ER-062, and it runs to 2-ER-067. In that email chain, the Goodman Law Supervising Paralegal and Ashley Mosquerello, the attorney, are discussing Bruce Huffman's assets with their private investigator, and they're talking, and on July 7th in 2-ER-064, Ashley, the attorney, actually says, the debtor is claiming that the funds in the account are exempt Social Security, but I doubt the full amount is exempt. That was on July 7th, two and a half weeks before the motion for reconsideration was filed. I'm at my time. Unless you have any questions, I would ask that you reverse the district court's decision and allow this case to move forward. All right. Thank you, counsel. Thank all counsels on both sides for their helpful arguments in this case, and the case just argued will be submitted.
judges: COLLINS, MENDOZA, DESAI